Lin v. Garland

BIA
Schoppert, IJ
A208 163 563

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand twenty-three.

PRESENT:
    JOHN M. WALKER, JR.,
    WILLIAM J. NARDINI,
    BETH ROBINSON,
        *Circuit Judges.*
_____

YING LIN,
        *Petitioner,*

    v.                                                  **21-6082**
                                                        **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:**                 Gerald Karikari, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Allison Frayer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Lin, a native and citizen of the People's Republic of China, seeks review of a January 21, 2021, decision of the BIA affirming an August 21, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Lin*, No. A 208 163 563 (B.I.A. Jan. 21, 2021), *aff'g* No. A 208 163 563 (Immig. Ct. N.Y. City Aug. 21, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. We conclude that substantial evidence supports the agency's determination that Lin was not credible as to her alleged past harm—the village chief's attempt to force her to marry his son—or as to her fear of religious persecution based on her practice of Christianity in the United States.

We give "particular deference" to the IJ's demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony

3

suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (internal quotation marks omitted). Such deference finds further support here where the "observations about an applicant's demeanor . . . are supported by specific examples of inconsistent testimony." *Id*. For example, the demeanor finding is linked to Lin's fluctuating statements about whether she was a member of a church in Flushing, her lack of responsiveness and inconsistent statements about when she joined the church, the lack of clarity in her explanations about spreading the Gospel and why she would spread the Gospel to people in China who were already Christian, and her lack of responsiveness when asked to explain her statement that the police gave her father warnings.

The agency also reasonably relied on inconsistencies among Lin's written and oral statements and documentary evidence, and the implausibility in her testimony about the village chief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). She was inconsistent about when she became a Christian, testifying that she was introduced to Jesus in detention after she arrived in the United States, but stating in her earlier credible fear interview that she believed in Christianity and that her family in China was Christian. The agency did not err in relying on the record of

4

the credible fear interview because it was conducted through a Mandarin interpreter, Lin did not allege difficulty understanding the questions, she told the interviewing officer why she left China and why she was afraid to return, she said she wanted to continue the interview without an attorney, and the interview was memorialized in a typewritten document of questions asked and her responses. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (discussing "indicia of reliability"). The IJ also reasonably deemed it implausible that Lin did not know the name of the village chief and his son given that she knew the individual was the village chief, she testified that he came to her family's home to discuss the marriage, and the alleged attempted forced marriage was why she fled China. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (recognizing that an IJ's inferences concerning credibility merit deference "so long as" they are " tethered to the evidentiary record").

Taken together, the IJ's demeanor findings, the inconsistencies, and the implausible testimony provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *Xiu Xia Lin*,

534 F.3d at 167.

The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Because Lin was not credible about her Christian practice, we do not reach her claim that there is a pattern or practice of persecution of Christians. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court